PEKIN COOPERAGE CO. v. UNITED
STATES.

No. H–423.

Court of Claims.
Jan. 13, 1930.

White & Case, of New York City, for plaintiff.

A. C. Newlin, of New York City, and George H. Foster, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Argued before BOOTH, Chief Justice, and GRAHAM, WILLIAMS, LITTLE-TON, GREEN, and BOOTH, Judges.

GRAHAM, Judge.

The question in this case is primarily one of fact. The plaintiff claims it is entitled to a deduction of its proper costs in arriving at its net income, and claimed an allowance in its return. The Commissioner of Internal Revenue, under the regulations in force, which regulations were reasonable, found that there was not satisfactory proof as to these costs. Plaintiff claimed a deduction for a loss on certain staves which it had produced. In order to ascertain the loss, it was necessary, first, to prove the actual cost of production, at least to the satisfaction of the Commissioner, and this the Commissioner decided had not been done, and so disallowed the amount sued for in this case. In the trial of the case in this court the plaintiff experienced the same trouble. It was unable to prove with any degree of certainty the cost of the production of these staves.

The regulations of the Commissioner (Reg. 45, articles 1581–1584) provided that, in determining the cost of goods manufactured where the taking of inventories was

necessary for the determination of the net income, the inventories at the beginning of the year and end of the year should both be taken on the same basis, and that this basis should be cost, or cost or market, whichever was lower.

The plaintiff was unable to present an inventory showing the original cost of production, nor did the inventory at the end of the year represent either cost or market. It was based upon the average cost of similar products at other plants. There is no satisfactory proof that would justify overturning the judgment and finding of the Commissioner in regard to this matter. The burden is on the plaintiff.

The court has found that it does not satisfactorily appear that the plaintiff suffered the loss claimed in its return or that the Commissioner was in error in not allowing this loss, and that it does not appear that the regulation of the Commissioner was unreasonable in prescribing the method for the ascertainment of proper and actual costs.

In this view the plaintiff is not entitled to recover, and the petition should be dismissed. It is so ordered.